UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x

GEORGE STEPHENS,

        Petitioner,

   -against-

UNITED STATES OF AMERICA
----------------------------------x

**MEMORANDUM & ORDER**

Civil Action No. 06-5386

**APPEARANCES:**

**For petitioner:**
George Stephens, Pro Se
#67689-053
FMC Devens
H Unit, P.O. Box 879
Ayer, MA 01432

**For Respondent:**
Roslyn R. Mauskopf
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201
By: Allen L. Bode, Assist. U.S. Attorney

**HURLEY, Senior District Judge:**

      Petitioner George Stephens ("Petitioner" or "Stephens") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arising from 2005 conviction in this Court. Stephens claims he is entitled to relief because (1) his counsel rendered ineffective assistance of counsel for failure to pursue suppression, inform him of sex offender registration, pursue his

speedy trial rights, promising him probation and failure to file an appeal of the denial of a suppression motion; (2) his guilty plea was not knowingly made because he was uninformed of his speedy trial rights and the fact he would have to register as a sex offender; (3) his conviction was obtained by evidence gained pursuant to an unconstitutional search and seizure; and misconduct by the F.B.I. and there was insufficient evidence to sustain his conviction. For the reasons set forth below, the motion is DENIED.

*Background*

Petitioner seeks to challenge a judgment, which followed a plea of guilty, convicting Petitioner of one count of violating 18 U.S.C. § 2252A(a)(5)(B).

Stephens originally pled guilty on February 24, 2003. On July 25, 2003, this Court granted Stephens application to withdraw his plea. By Memoranda and Orders dated May 7, 2003 and June 16, 2004, the Court denied motions to suppress filed by Stephens. On October 22, 2004, the Court declined to accept a plea from the Petitioner. The Court did accept a guilty plea from Petitioner on January 24, 2005.

During the plea allocution, Stephens testified under oath that he understood the charge to which he was pleading, his plea was voluntary, and he was satisfied with the representation that his attorney had provided. The Court also discussed with Stephens the effect of his plea on his right to appeal:

> If you do plead guilty today, any right to appeal you have up to today would be extinguished or waived or given up by your plea of guilty. If the plea is taken improperly, you would have the right to appeal that. If sentence was imposed improperly, you could appeal that. But the point is, if you have a right to appeal up to today, if

2

you plead guilty you will have waived that right to appeal as to
such matters. Understood?

(Tr. of Jan. 24, 2005 Plea Allocution ("Tr.") at 12). Stephens responded "Yes, your Honor."

Stephens was also advised that the maximum sentence was five years in jail. (Tr. at 19).

The Court then referenced the sentencing guidelines and the following colloquy took place:

> Court: But do you understand that when your attorney gives you an opinion as to what he believes the guidelines range may be, that may or may not be accurate? Do you understand that ?
> Defendant: Yes, your Honor.
> Court: That is certainly true with the government's comments, as well. Should you elect to plead guilty here today and should you at some point have a change of heart, that would not be a ground to withdraw you guilty plea. Just by way of example, should the court impose a sentence which is more severe than you anticipate, you would not be in a position to say: Well under those circumstances, I want my plea back. Do you understand that?
> Defendant: Yes, your Honor.
> . . .
> Court: Has anybody promised you anything concerning how this case will eventually be resolved, by way of sentence or otherwise, which has induced you to consider pleading guilty?
> Defendant: No they haven't.

(Tr. at 21). Petitioner then allocuted, admitting to each element necessary to establish his guilt as to Count I of the indictment. (Tr. at 22 to 38).

On July 22, 2005 Petitioner was sentenced to eighteen (18) months incarceration followed by three (3) years of supervised release. Judgment was entered thereon on July 25, 2005.

This petition was filed on October 2, 2006. However, the petition indicates it was signed on September 26, 2006.

## *Discussion*

A one year statute of limitations applies to motions pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. 28 U.S.C. § 2255. The statute provides that

> [t]he limitations period shall run from the latest of -
>
> (1) the date on which the judgment or conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws fo the Untied States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Under subsection (1), the petition in untimely. As no appeal was filed, his conviction became final "the day after [his] time to appeal expired." *Wims v. United States,* 225 F.3d 186, 188 (2d Cir. 2000). Judgment of conviction was entered on July 25, 2005 and, given that weekends must be excluded (*see* Fed. R. App. P. 26(a)(2)), his conviction became final on August 8, 2005. Petitioner had until August 8, 2006 to file this motion. He did not do so until September 26, 2007.[1] Accordingly, his petition is time barred under subsection (1).

---

[1] A prisoner's pro se motion under § 2255 is deemed filed on the date that it is delivered to prison authorities to be mailed. *See* Fed. R. App. P. 25(a)(2)(C). Although Stephens'

Subsection (2) is inapplicable here because Stephens does not allege that government action prevented him from bringing his petition and subsection (3) is equally inapplicable because he does not assert a newly applicable right.

Under subsection (4), the Court must determine when a duly diligent person in Stephen's position would have discovered the facts supporting his motion. *See Wims,* 225 F.3d at 190. Stephen's motion is timely if a duly diligent person would have not discovered the fact alleged in support of his motion prior to September 26, 2005 (one year prior to the filing of the § 2255 motion). *See id.* at 189-90. Except for, perhaps, the need to register as a sex offender, all of Petitioner's claims were readily apparent at the time of sentencing. Stephens does not contend otherwise.[2] Accordingly, they are time-barred under subsection (4). Moreover, there is nothing in the petition to suggest that equitable tolling should apply.

Finally, Petitioner's claim regarding registration as a sex offender provides no basis for relief. Registration as a sex offender is a collateral effect and improper advice as to such a collateral effect does not support an ineffective assistance of counsel claim. *See United States v. Fry,* 322 F.3d 1198, 1200 (9th Cir. 2003); *McCall v. United States,* 2002 WL 32181345 (D. Conn. 2002); *cf. United States v. Perkins,* 25 F.3d 114 92d Cir. 1994) ("Certain possible consequences of a guilty plea are collateral rather than direct and need not be explained to the defendant in order to ensure that the plea is voluntary.") (citation omitted). *See also Williamson v. Gregoire,* 151 F.3d 1180 (9th Cir. 1998) (sex offender law creates a mere collateral

---

petition was not filed with the Clerk of Court until October 2, 2006, he signed it on September 26, 2006. Accordingly September 26, 2007 will be considered the operative date for filing purposes.

[2]Stephens had an opportunity to reply to the government's papers but did not do so.

consequence of conviction as registration is "regulatory and not punitive").

## *Conclusion*

For the foregoing reasons, Stephens' § 2255 motion to vacate, set aside or correct his sentence is DENIED.

Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253 (c)(2), a certificate of appealability is denied, as Cooper has not made a substantial showing of a denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of Court is directed to close this case.

**SO ORDERED**

Dated: Central Islip, New York
      April 24, 2007

                                      /s/
                                      Denis R. Hurley
                                      Senior District Judge